This is number 24-1612, United States of America v. Todd Stafford. Argument is not to exceed 15 minutes per side. Ms. Cobb, you may proceed for the appellant. Thank you. Good morning. May it please the Court. My name is Britt Cobb. I represent the appellant Todd Stafford, who was the defendant below. He's currently serving a 156-month prison sentence as a result of the convictions in this case. This case deals head-on with the question of mens rea as to a minor's specific age in solicitation or travel with intent cases when the only illegality of the sexual act is that the intended victim was 15 or younger. So the government says that being under the age of 15 should be strict liability on these two statutes, and we say no, there needs to be some showing of an intent or a belief that the intended victim is 15 or younger because when being 15 or younger is the thing or the only thing making it illegal, we believe 2422B and 2423B should be interpreted to require mens rea as to age. It's going to be a very, very narrow subset of cases to which this applies. And I do want to make one note that I think that I will refer to these statutes kind of by their common name rather than by their number because I have realized that I have been transposing numbers and subsections, and so anyone that had to sort of struggle through that, my most sincere apologies. And this is one of those narrow subset of cases where the only thing that made the solicitation and travel illegal in this case was that KK ended up being 15. If he had been 16 or older, there wasn't anything criminal, so there's this gap between being a minor under 18 and the age of consent being under 16. Are you lumping the two statutes together, or are there differences between the two statutes? In other words, could we uphold count one but say count two is the instructions were improper? I appreciate that question. We are, of course, coming from the position that because the object sexual offenses are under the age of 16, that both should require proof of mens rea as to age. So even though I'm lumping them together, obviously they are separate statutes with separate actus reas, but in these situations we believe the mens rea should be the same. And the reason for that is pretty well laid out in the cases. The first reason is sort of this longstanding principle in the common law that statutes are to be interpreted to require the defendant to possess a culpable mental state regarding each of the elements that criminalize otherwise innocent conduct. And so courts that have addressed this have found that when being under 16 is the only thing that separates legal innocence from wrongful conduct, knowledge or intent as to age must be proven. Now, I recognize that statutes that prescribe sex with minors are often accepted from this general principle because courts are pretty keen to dispense with that requirement to make prosecuting these cases a little easier in order to protect children. But I think it's important to note that in cases where courts have been comfortable imposing strict liability as to age, it does so in cases where the offenses involve personal contact between the defendant and the victim because courts are pretty round in agreement, including this court and Daniel's, that when a defendant is in the presence of someone, he or she can be, assumes the risk essentially that the person is under the age, is under age. But when, and there is a really sort of deep discussion of this in the Eighth Circuit case of, I think it's Moreira-Bravo, but when in cases such as this where the crimes can be complete without any requirement that the defendant and the victim have ever met, you know, talked on the phone, been around each other, that strict liability doesn't make as much sense because... Your client was convicted of one count of coercion of a minor in violation of 2422B.  So why were the instructions or the proof inadequate on that particular count? Because the only thing that made the coercion illegal was the fact that he ended up being under 16. In other words, it's not, the object conduct, which was CS, criminal sexual conduct in the third degree under Michigan state law, is only illegal if someone is under the age of 16 because 16 is the age of consent to sex in Michigan. There are other... But the victim was under 16. Correct, correct. Okay, and the count, and I want you to correct me when I'm wrong, but the count was coercion of a minor, right? Correct. In violation of this 2422B. Yes. So I guess, what exact intent are you saying needs to be shown that wasn't shown and wasn't required to be shown by the instructions? The intent or belief that the person he was persuading or coercing or enticing was under the age of 16. Okay, but this did happen in this particular count, right? The coercion did happen. They did meet. But actually meeting, actually having a sexual encounter, none of that is required to be proven under this particular statute. Right, but it did happen here. So why, and arguably, the victim appeared to be under 16, was under 16, the coercion happened. So I'm not sure what more you want the government to have to prove. I want the government to have to prove that at the time of the coercion or the persuasion, using a facility of interstate commerce, in this case the internet, where there isn't that ability to view or be in the presence of, that they prove that there was an intent or a belief that the person that they're dealing with is under the age of 16. But in this, under this statute, you persuade, induce, entice, or coerce. Yes. So it's not just traveling across state lines. There's some interaction. You're saying that it's not necessarily face-to-face. Correct. And in this day and age, I assume that there previously were cases where, you know, it was done through the mail or by phone. But I mean, in this day and age, we're mostly talking about the internet. And while I think that if there ultimately is some face-to-face interaction, that might be something that factually the government would want to rely on to say, well, I mean, obviously they knew. They were in the presence of them. He looked this way. He said this. He said that. But when the crime itself can be complete without that interaction, we believe that the enticement must be done with the belief that you're dealing with someone under age. Does it matter that in 2243, if you don't mind shifting to that? No, that's fine. This is where my numbers get all messed up, so I'm going to look at my chart.  So 2243 is the predicate of the transportation charge. Correct. Okay, so it's that Chapter 109 or whatever. So in that statute, it says two things. It says directly that in a prosecution under Section A, which I believe is what is involved here, the government need not prove that the defendant knew the age of the person or that there was the requisite age difference. So it says that the government doesn't have to prove it. It also says that it's a defense that the defendant must establish that the defendant reasonably believed the person had attained the age of 16. So how do you deal with those two provisions? Because 2243 are hands-on sex offenses. I mean, those are when you actually do the abuse, commit the sexual assault of the child. And that goes back to sort of this maxim I talked about at the beginning, which is when the act involves being in the presence of the minor, then strict liability is something that courts have accepted. So when you're talking about 2243 and the affirmative defense that's built into the statute, that's for a prosecution under that statute for actually doing the act of committing the sexual assault. Strict liability seems to be fine with most courts under those circumstances. But when it is the intended object of the travel, that's, I think, where the analysis gets different. So. But the the statute itself that criminalizes it says. Requires that. I'm sorry. It just refers to illicit sexual conduct, right? Which is a very, very broad. It can be any offense under 109A, many of which are hands-on offenses, as we will call them. It includes child pornography, which, of course, I'm sure the court is well aware. But it requires that the person be under the age of 18 for for this particular case. Right. It says a person under 18 that would be in violation of Chapter 109A. Right. But you can only be in violation of chapter of that chapter if you're under 16 because of the age of consent. This type of behavior. Am I correct that the judge instructed the jury on the requirement of 18? Yes. I think that the defendant had to know under the age of 18 without the intent to be dealing with someone under 16.  And your red light is on. It is on. I'm sorry. Thank you very much. And I think I did reserve a few moments for rebuttal. So, thank you. Good morning, your honors. May it please the court. John Shaw on behalf of the United States government. This appeal covers a lot of grounds across a number of issues. I'm happy to answer any questions the court might have on any of those issues. I'll focus on what I think are the three principal issues in this case. First, as to the enticement charge, 2422B, whether Mr. Stafford needed to know, believe, or intend that the victim was under 16 years old. The second issue is the transportation charge, 2423B, whether Mr. Stafford had to know that the victim or believe that the victim was under 16 years old. And whether any such affirmative defense applied as to reasonable mistake of age otherwise. And finally, whether the district court properly excluded evidence of the minor sexual desires and preferences under Rule 412. Starting first with what I'll call the enticement charge. We believe that Mr. Stafford invited any alleged error to the jury instructions because he jointly submitted them. He agreed with them. He framed his Rule 29 argument as insufficient evidence as to the age of 18, not 16. Is this count one? Count one, yes. The enticement, 2422B. Okay, so do you believe, putting aside invited error, do you believe there is a substantial difference between the proof that's required for the enticement charge versus the proof that's required for what you call the transportation charge? Which, as I understand it, are counts two and three? Yes. So in terms of the bottom line, as it applies to just the element of knowledge of age, I believe there isn't a difference. But they are two separate statutes. And I think notably, as the enticement charge, although the defendant talks at length about there being an intent, there's no intent in the statute, especially for what we have in front of us here, which is a completed offense of enticement. The transportation statute, 2423B, certainly has different language that I think you have to account for, the fact that there has to be knowing interstate travel plus an intent to engage in illicit sexual conduct. So those are two separate elements, but I will say that Congress itself has kind of melded the knowledge of age requirements in that statute by creating an affirmative defense as to illicit sexual conduct predicated on commercial sex acts. And Congress has said that under those narrow circumstances, there's an affirmative defense as reasonable mistake of age. And I think that point is critical here. That presence of the affirmative defense in 2423B is Congress's clearest intent, that it believed that such an affirmative defense should not apply for other prosecutions in 2423B. That would make sense if the underlying offense for, I guess, Section A, the definition of illicit sexual conduct very clearly points you to another statute. And that statute has a defense in it. It's true, Your Honor, that the statute that was violated here and that would have been violated here is 2243. And there isn't an affirmative defense in that statute for reasonable mistake of age, essentially. But I would point the Court to a couple things. First, this Court in Gordon, which is an unpublished case, admittedly, declined to import that defense in 2243 under the same circumstances as here for the 2423B charge. And the Ninth Circuit and Lindsay did a similar thing. And I think the other helpful point is that the fact that I think that analysis would be correct in the absence, potentially, of an affirmative defense in 2423 itself. But here, we don't have to go looking at other statutes. There's an affirmative defense in the statute itself that he's been convicted under. And the courts have looked, especially there's a lot of interpretation, and that's why a lot of courts keep looking at this transportation charge in 2423A. And that's not an issue here, but a lot of the courts are interpreting that statute by reference to this affirmative defense that's otherwise in the statute. And I think if this Court were to conclude otherwise, I think that would be against the weight of this travel charge. I'm sorry, the transportation charge and how it's been interpreted by the courts, including the Fourth Circuit, the D.C. Circuit. And certainly Daniels wasn't explicit on this point, but this Court has interpreted the transportation charge in 2423A in Daniels as requiring no requirement of knowledge of age. But I think you're right. I think Section A is different from Section B. Section B directly points you to the other statute. Yes, Your Honor. It says, and I'll also point out, too, for Your Honor, that it talks about a sexual act as defined by 2246 with a minor that would be a violation of a Chapter 109 offense. And I would just also point to the Court that that language itself is passively phrased. That would be a violation. So what I think the best reading of the statute is the intent to commit the sexual act, and here the Court interpreted and instructed that as with a minor. So that's how you get to, I think, the age 18 requirement that the Court instructed on in this case. I'll also just point to the Court, and unless the Court has any questions on 2423B, I wanted to point to the Court that our position is that the best reading of the statute, the enticement statute, is that for completed offenses of enticement, which is what we have here, which is what the jury found, there's no requirement of knowledge of age. And I understand that Hart had kind of listed the elements. Not even age 18? Not even age 18 for the completed enticement. And that's consistent, Your Honor, with the Fourth Circuit's holding in Banker and the Eleventh Circuit's holding in Daniels. So is it a strict liability statute then? I think it's a strict liability statute. But even if the Court were to look at the underlying unlawful sexual activity, which here is criminal sexual conduct under Michigan law, that would be of no help to Mr. Stafford here because that statute has no requirement of knowledge of age and no defense under Michigan law. And I think in that respect, that's where we filed a 28-J letter on this Court's recent published ruling in Deakins, where the Court, even in interpreting a non-minor statute, a non-minor directed statute, 2421, which is transportation of any person with a purpose for illicit unlawful sexual activity, the Court explained that the underlying Florida statutory rape offense did not have any sort of affirmative defense, and it upheld the sufficiency of the evidence and said that the defendant there was not entitled to any sort of affirmative defense for the 2421 charge. I'm still troubled by the 2423-B question about intent and what intent or none the defendant needed to have. So hypothetically, if the defendant traveled from one state to the other, as he did here, and he thought that the victim was over 18, and the victim was over 18, could he be criminally convicted? So I'll make a few points to that, Your Honor. And I think the Court's getting at what I believe the Second Circuit in Murphy set out as a hypothetical that is certainly discomforting. So I think a couple of points I'll make. I don't think the Court needs to decide whether there's a net in order to uphold the convictions here. I don't think the Court has to make a decision between whether there's a knowledge of 18 age requirement or no age requirement at all, because what we have here is an instruction that says, from the district court, that says that the jury needed to find that Mr. Stafford knew or reasonably believed that the minor was under 18. I was going to follow up with other hypos, but why not require intent or knowledge that the minor was under 16? So, Your Honor, I think there's a few guideposts that the Court can look at here in terms of both the language and the background context. So I'll start first with just the broader background context. The discomfort that most people, including myself, feel with strict liability for any sort of offense is something that's well established in law, and that's why there's a general rule that you presume knowledge of what makes something criminal. But there's also special context, as Flores Figueroa and this Court has recognized, in which this is the quintessential special context in which we make that tradeoff because there's a very special harm that's being done here, and there's a very difficult, I think, statutory goal in protecting minors against sexual exploitation. So I think with that background principle, we look at the statute and we don't infer that there is some sort of intent or knowledge in this context as to age. The other thing that I would, unless the Court has a question. Looking at the language, then, we're looking at 2423B, travel with intent to engage in illicit sexual conduct. And you have to show with intent to engage in any illicit sexual conduct. And then illicit sexual conduct is defined in G, and that is defined as a sexual act with a person under 18 that would violate Chapter 109. So then take us to that. Doesn't that take us to the under 16 aspect? That does in terms of the fact that you would need that to be a violation. You would need to have that age. But there's a question of whether that intent language applies to that would be a violation of Section 109A. And I think this Court in Gordon and numerous other courts in interpreting 2423 have said, have looked at the affirmative defense in 2423 and have determined that that is a clear indication of congressional intent. Congress intended that there be an affirmative defense as reasonable mistake of age for some illicit sexual conduct. And by doing that, Congress showed an intent that it would not apply for other contexts. I think I read those cases, and they don't grapple with the affirmative defense in 109. I mean, which cases deal with it other than Murphy, which goes the other way? So this Court in Gordon dealt with the question of an affirmative defense as to both the transportation and the enticement. They rejected both defenses. And I think that's important. And I agree that Gordon doesn't have a tremendous amount of analysis on the issue. But it's also consistent with what the Ninth Circuit said in Lindsay, which is a published decision. And that, of course, was a case that was reviewed for plain error. But I think plain error would apply any time you're omitting an element in an instruction. And Lindsay looked at the language of the statute and said, okay, for 2243, there is a defense. And the preface to that defense in 2243 says that in prosecutions under this statute. And then we have an affirmative defense in 2423B. And 2423 says in prosecutions predicated, if I'm getting the language right, predicated on commercial sex acts, the illicit sexual conduct, this affirmative defense applies. And I agree, Your Honor. It's a very ñ it's kind of a complicated analysis. And I think there are potential countervening interpretive directions that you could go. But I think fundamentally the best evidence has to be what's in the statute that we're construing itself and kind of the case law. I will grant to the Court that we're ñ a lot of the 2423A decisions are ñ especially early on we're dealing with prostitution as the underlying offense. And that's what Daniels was. And later on we've gotten kind of more analysis in Moriera-Bravo, which was, I believe, Minnesota statutory rape that didn't have a defense. And then Morgan, which if I'm remembering right is a Maryland case. But I think that kind of the thrust of it has to be, and I don't think that what has been accounted for either in the defendant's arguments or in Murphy, is that we have an affirmative defense right in the language of 2423. And courts have considered that very, very important in interpreting the language of the statute. But you could just as easily say that they didn't need to put this one in this statute because they were referring to another statute that very clearly had that in there. Well, Your Honor, I agree that's true. But I would also point out to the Court that the illicit sexual conduct for 24 ñ I'm sorry, that's part of the definition is commercial sexual acts, and that refers to 1591. And in that statute it's kind of a strange dichotomy where the Congress has said in that statute that where a defendant observes the minor, the government does not need to prove knowledge as to age. But where it doesn't, the government does. So it would be strange to have an affirmative defense when the underlying statute itself, at least in some context, never requires it in the first place. Which of these issues should we be looking at under plain error review? So I believe, Your Honor, that this Court should look at under ñ if the Court were to decide that Mr. Stafford did not invite error as to the enticement charge, then the Court would review for plain error. We believe that he invited any alleged error as to the enticement. He did focus as to the transportation charge on the presence of a defense, but he generally ñ my read is generally objected during the reading of the instructions and review of them as to that charge. So I think that is preserved, and this Court would review it de novo. He did object to the exclusion of evidence as to the minor's sexual statements and desires in his score.org profile, so I believe that would be reviewed generally for an abuse of discretion. I see I've run out of time, but I'm happy to answer. Well, on that issue, he wasn't trying to introduce the victim's page or whatever it was for the purpose of showing that he has done this in the past. He was just trying to say it's part of why I reasonably believed he was older. A couple of things I would point to in response to that, Your Honor. Sexual behavior and sexual predisposition includes activities of the mind. It can include desires or preferences. I don't even think that there's any basis or reason to conclude that the minor victim actually had engaged in those prior sexual acts. It was just what he had put that he was seeking, what he was, quote, turned on by and turned off by. And I do think that in order for, as the district court properly recognized, in order for the court to look at or in order for the jury to consider whether he reasonably believed that these are such statements that only an adult could have, you would first have to ascribe, you would first have to say that the minor exhibited those sexual behaviors or that sexual predisposition that was, you know, in Mr. Stafford's words, so sexually experienced that they could have only been shown by an adult. But I think even if the court were to hold that excluding that evidence was incorrect, it was at most harmless error. There was such a limited probative value of that evidence. And Mr. Stafford got to and did it so at length, point to the fact that the minor stated that he was age 18 on his profile. And I think that fact was the most direct fact. And the jury ultimately made a credibility determination between what the minor testified and what the minor had listed on his profile and what Mr. Stafford said he was told by the minor. To go back, suppose we were to say that the instructions were fatally wrong on counts two and three. Could we remand for a retrial? Or because the defendant has raised sufficiency of the evidence questions, would we need to decide whether there was a double jeopardy bar? I think the way that Mr. Stafford has framed it on appeal is to try to go for the moon and seek no retrial whatsoever. I would say that that's against kind of the case law of this court. And I think the court that's most directly addressed it is Houston. And Houston said that you have to measure sufficiency of the evidence against the instructions that were given rather than if the court were to determine that the instructions were incorrect, which we don't believe here. But if the court did determine that, I don't believe that the sufficiency of the evidence would be measured against that. Now, Houston did come up in the context of an unpreserved error. But I don't read anything in Houston's language or discussion of the issue in which the court was limiting the application of that rule to only cases where the jury instruction was preserved. One other point that I would just make on that, Your Honor, is in terms of kind of the fairness and awareness as to the government, Mr. Stafford as to the travel offenses, Calvin II and III, had focused on having an affirmative defense that he had a reasonable mistake of age. So in terms of kind of fairness to the government, I don't believe it was ever seriously discussed that the government would potentially be on the hook to proving that he knew age. Instead, his focus was on I should get an instruction that I would have to prove, that the burden of proof would be on him in order to prove a reasonable mistake of age. And that's what he was seeking. That's what was ultimately struck from the proposed jury instructions that he wanted was the presence of such an affirmative defense in this case. Isn't that all he – I mean, if we're looking again at the underlying statute, 109, isn't that all he could ask for? So I think his position on appeal is that he seems to have switched a little bit away from the affirmative defense and said that this is an element and that you have to intend that the sexual conduct exists. I believe that there, as the court has indicated, there is some question about whether the underlying defenses of these, if to the extent there is one, of these statutes and predicate as sexual activity could apply in these other statutes. But, of course, our position is that they wouldn't based on this court's precedent in Gordon and Lindsey. Unless the court has any more questions, I would just ask that you affirm Mr. Stafford's convictions. Thank you. Thank you. If I may just go through my list here. The government has talked about 2343B, calling it a transportation charge. I just want to be real clear. It is not a transportation charge. It is travel with intent to engage in illicit sexual conduct. There are transportation charges all over these two statutory schemes, 2241C, 2421A, and 2423A. Those involve transporting someone. And I think that the reason I want to point that out is because Marrero Bravo is the case that really talks about the difference between transportation and travel with intent and the intent as to age that is required. Judge White pointed out that the circuits that have addressed really head on as to the 2343B charge, the intent in these, or the mens rea in these under 16 cases, all of them have come out on our side of the ledger. What cases are you referring to? Langley out of the Eighth Circuit, Murphy out of the Second Circuit, and Hatcher out of the Eleventh. They all have said 2343B requires the defendant, when it's charged this way with this particular type of illicit sexual conduct, require a belief that the person that they are traveling to see is under the age of 16. All of them. You just said 2343B. Are you talking about 2423B? I am so sorry, Judge Moore. I don't know why I'm having this transposing numbers. Yes, the travel with intent. I'm so sorry, 2423B. And now we are full circle with where I begun, saying I'm having a very difficult time keeping these straight. But yes, the travel with intent cases. So Eighth Circuit, Second, and Eleventh all have said the 2423B require an intent that they are traveling to engage in sex with someone not just under 18, but under 16 when it's charged this way. And conversely, there is not a single case out of any circuit that has addressed this head on that says 2422B, the persuasion, coercion, enticement, when it's charged as the object being under 16, they haven't required strict liability. The government mentioned Banker out of the Eleventh Circuit, or Banker out of the Eighth, and Daniels. Those both involved coercion to prostitution, and that's a totally different analysis than coercion to sex that you can consent to unless you're under 16, I mean, as long as you're not under 16. I mean, there's a million different ways that prostitution interstate is criminalized. So age is not that sort of the thing or the only thing that makes it criminal. And I did just want to real quick talk about the so-called rape shield issue. So I just wanted to point out that, and the court has picked up on this, I don't need to go on and on about it, but this was not sought to be introduced to affect the victim's credibility. It's not an issue of rebuttal, is it? The government didn't talk about this. Okay. Well, we did talk about it a little bit, and I didn't talk about it in my first. Is there anything about that that the court would like to discuss? I mean, I know that we were talking about verbal acts and Ogden, and I just think that this is very different from Ogden. I mean, Ogden was a case where the underage victim's text messages with other men with whom she was having sex were sought to be admitted at trial. They were private messages that talked about sexual acts she had done. This is totally different. I mean, this is a website that is open to the public in the world where statements about these things have been put out there, and I don't think that they get the same shield regardless of whether they happened or not. So thank you very much. And, yeah, thank you. Thank you both for your argument. The case will be submitted, and the clerk may call the next case.